UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KEVIN J. BLEVINS, | ) |
|---|---|
| Plaintiff | ) |
| vs. | ) CAUSE NO. 1:09-CV-343 RM |
| ANDREW GOTTFRIED, | ) |
| Defendant | ) |

OPINION AND ORDER

Kevin J. Blevins, a *pro se* prisoner, filed this civil rights complaint against Andrew Gottfried, a United States Postal Service inspector in Fort Wayne, Indiana. (DE 1). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

1

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This action is purportedly brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), which provides a cause of action for constitutional torts against federal actors. Mr. Blevins alleges that between August and September 2007, the defendant "gathered illegal evidence against the plaintiff" and falsely served as a witness against him in a federal criminal case in which Mr. Blevins was convicted of credit card fraud. (DE 1 at 4; *see also* United States v. Blevins, 1:07-CR-96 (N.D. Ind. filed Nov. 28, 2007).) Mr. Blevins alleges that he is suing the defendant for "fraud" as well as "for slander/defamation of character." (DE 1 at 4.)

This action is untimely. A Bivens action is subject to Indiana's two-year statute of limitations applicable to personal injury suits. King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 913 (7th Cir. 2000). The acts of which Mr. Blevins complains happened in August and September 2007, and this complaint wasn't filed until December 3, 2009, outside the two-year deadline. Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claim is time-barred. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674-675 (7th Cir. 2009). It is apparent based on the face of Mr. Blevins's complaint that the action is untimely.

Even if the case were timely, the claims would be subject to dismissal for other reasons. Although the role Mr. Gottfried played in the federal criminal case isn't entirely

2

clear from the complaint, a witness's testimony is protected by absolute witness immunity, even if the witness allegedly gave perjured testimony. *See* Briscoe v. LaHue, 460 U.S. 325 (1983). Thus, Mr. Gottfried can't be sued for serving as a witness against Mr. Blevins in the federal criminal case. Mr. Blevins's allegation of "fraud" by the defendant based on some interaction they had outside the courtroom wouldn't state a claim for a constitutional violation, and claims for slander or defamation are not actionable as a constitutional tort. Paul v. Davis, 424 U.S. 693, 712 (1976). Therefore, the complaint doesn't state a claim against the defendant.

For the foregoing reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED

ENTERED: December  10 , 2009.

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: K. Blevins